IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2026

## STATE OF TENNESSEE v. CHRISTOPHER LANCE OSTEEN

**Appeal from the Circuit Court for Henry County**
No. 16979     Bruce I. Griffey, Judge

_____

### No. W2024-00986-CCA-R3-CD

_____

The Defendant, Christopher Lance Osteen, entered a guilty plea to two counts of aggravated kidnapping. As a part of his plea, and pursuant to Tennessee Rule of Criminal Procedure 37, the Defendant sought to reserve one certified question of law related to the trial court's finding that his right to a speedy trial did not attach when he was arrested in Florida due to his escape status as well as being served with a warrant from Kentucky; one certified question related to the trial court's finding that the Defendant's verbal request to the Florida court to invoke his constitutional rights was insufficient to properly invoke his rights to speedy trial and due process; and one certified question related to the trial court's finding that the Defendant's written letters and motion to dismiss sent to both the general sessions clerk and the district attorney's office failed to properly invoke his constitutional rights to a speedy trial and due process as it pertained to his Henry County, Tennessee general session case arrest warrants. Because the Defendant did not properly reserve certified issues for review, we are without jurisdiction to review the merits of the Defendant's claims, and we dismiss his appeal.

### Tenn R. App. P. 3 Appeal as of Right; Appeal Dismissed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which J. ROSS DYER, and MATTHEW J. WILSON, JJ., joined.

Joshua V. Lehde, Assistant Public Defender – Appellate Division, Tennessee District Public Defenders Conference (on appeal); David Walker, Paris, Tennessee (at trial), for the appellant, Christopher Lance Osteen.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; J. Neil Thompson, District Attorney General; and Courtney Morgan Crocker, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 21, 2011, a Madison County jury convicted the Defendant of burglary, reckless aggravated assault, unlawful possession of a weapon, evading arrest, and resisting arrest. State v. Osteen, No. 2011-02714-CCA-R3-CD, 2013 WL 298042, at *1 (Tenn. Crim. App. Jan. 25, 2013), perm. app. denied (Tenn. June 11, 2013). The trial court then imposed an effective sentence of sixteen years, eleven months, and twenty-nine days in confinement for these convictions. Id.

On December 11, 2020, the Defendant and another inmate, Robert Lee Brown, escaped from the Northwest Correctional Complex in Lake County, Tennessee, where they were serving their sentences. The Defendant and Brown then went to Fulton County, Kentucky, where they forcibly confined Christopher Lattus, took Lattus's truck, and then drove in Lattus's truck to Henry County, Tennessee, with Lattus bound and blindfolded. The Defendant and Brown ultimately left Lattus bound in the vehicle in Henry County. The next day, on December 12, 2020, the Defendant and Brown forcibly entered Charles Carter's home in Henry County, confined Carter by tying him to a chair in the home, took $1,400 in cash, and stole Carter's truck.

On December 12, 2020, the Henry County General Sessions Court judge issued a warrant in docket number 22-CR-1830, charging the Defendant with aggravated kidnapping and theft of property valued at $10,000 or more but less than $60,000 for the offenses involving victim Christopher Lattus. The same date, the Henry County General Sessions Court judge issued a warrant in docket number 22-CR-1833, charging the Defendant with aggravated kidnapping, aggravated burglary, and theft of property valued at $10,000 or more but less than $60,000 for the offenses involving victim Charles Carter.

On December 13, 2020, the Defendant was arrested in Broward County, Florida, due to his fugitive status. At the time of his arrest, the Defendant had been placed on the Tennessee Bureau of Investigation's (TBI) Most Wanted List and had active warrants from Henry County, Tennessee, and Fulton County, Kentucky. On December 15, 2020, the Defendant waived extradition and was transported back to Tennessee to serve the remainder of his sentence.

On December 20, 2022, the Defendant filed a motion to dismiss his Henry County charges with prejudice. In this motion, the Defendant argued, in part, that he had invoked his right to a speedy trial when he made an "open court" request to begin the proceedings in Henry County as soon as possible. He claimed that once the State received this notice, it was mandated to seek his delivery and to uphold and protect his right to a speedy trial in Henry County.

On June 3, 2022, the Defendant filed a motion to dismiss in Henry County General Sessions Court.[1]

In a June 29, 2022 letter, the Defendant informed the Henry County Court Clerk that on June 1, 2022, he had sent a letter asking about clarification of a detainer listed on the Tennessee Department of Correction (TDOC) system as well as a Motion to Dismiss. The Defendant asked the clerk to check his database to determine if there were any outstanding warrants for him and to clarify whether his Motion to Dismiss has been filed.

In an August 17, 2022 letter, the Defendant asked the Henry County Court Clerk to clarify if he had any active charges pending. The Defendant claimed he had contacted the clerk's office "multiple times" and had made two attempts to file a motion to dismiss charges in "Indictment #2012111355" and had been "repeatedly informed" that the system did not show any pending charges. Nevertheless, the Defendant asserted that prison officials reported that this "[i]ndictment" and the "[d]etainers" were still "active."

On December 20, 2022, the Defendant filed a second Motion to Dismiss with Prejudice in Henry County General Sessions Court, alleging that he had invoked his right to a speedy trial in Florida when he agreed to be extradited to Henry County, Tennessee and when he made an "open court" request to begin the Henry County proceeding as soon as possible. He claimed the State's failure to bring him to trial upon his return to Tennessee violated his right to a speedy trial.

On April 21, 2023, the Defendant was served with his Henry County warrants. On April 25, 2023, the Defendant was arraigned on those charges in the Henry County General Sessions Court and was appointed counsel. Thereafter, the Defendant's preliminary hearing was continued one time to accommodate his new counsel's schedule and availability, one time at the request of the Defendant's new counsel, two times by agreement of the parties due to a delay in the Defendant's receipt of documents from Florida, one time because Investigator Gary Vandiver was unavailable on the day of the hearing, and one time because victim Christopher Lattus had a death in his family.

On October 24, 2023, the Henry County General Sessions Court judge heard and denied the Defendant's motions to dismiss the Henry County charges, determining that the Defendant's right to a speedy trial was not violated because only six months had lapsed between the Defendant being served with the warrants and his preliminary hearing and that the Defendant did not have a right to a speedy trial at the time he filed his motions to

---

[1] The Defendant's June 3, 2022 motion to dismiss is not included in the appellate record but is referenced in the general sessions judge's November 8, 2023 order denying the motion to dismiss.

dismiss because he had not yet been served with his warrants.[2]  The same day, the Defendant waived his preliminary hearing.

On November 6, 2023, the Henry County Grand Jury indicted the Defendant for one count of aggravated kidnapping of Christopher Lattus (Count 1), two counts of theft of property valued at $10,000 or more but less than $60,000 (Counts 2 and 5), one count of aggravated burglary (Count 3), and one count of aggravated kidnapping of Charles Carter (Count 4).

On November 17, 2023, the Defendant filed a pro se notice of appeal to the Henry County Circuit Court from the denial of his motion to dismiss the Henry County charges. In this appeal, he argued, in part, that his Henry County charges should be dismissed because he was denied a speedy trial.  On November 20, 2023, the Defendant was appointed counsel.

On February 1, 2024, the Defendant, with the assistance of counsel, filed a Motion to Dismiss Due to Violations of the Sixth Amendment Right to Speedy Trial and Due Process in the Henry County Circuit Court.  The State filed a response, contending that the Defendant's right to a speedy trial was not triggered when he was apprehended in Florida on December 13, 2020, but was triggered when the Defendant was arrested and booked into the Henry County jail on April 21, 2023.  The State also asserted that the Defendant was not "actually restrained" on his Henry County warrants until April 21, 2023, and that from December 13, 2020, until April 21, 2023, the Defendant was incarcerated on a previously imposed sentence.

On February 16, 2024, the Henry County Circuit Court conducted a hearing on the Defendant's motion to dismiss.  Defense counsel, in response to questioning from the trial court, acknowledged that the Defendant, who was on escape status at the time of his arrest in Florida, had to serve the remainder of his sentence in the Tennessee Department of Correction before being indicted in the Henry County Circuit Court.  The trial court questioned how the Defendant's speedy trial rights been violated if the Defendant had to spend time in "another jail" before his indictment in Henry County, and defense counsel replied that State v. Utley, 956 S.W.2d 489 (Tenn. 1997), did not require that an arrest warrant be served, only that the "actual restraints of an arrest" be effectuated.  Defense counsel then asserted that "all the paperwork from Florida cites the Aggravated Kidnapping warrant out of Henry County[, Tennessee]" as the reason for his arrest in Florida and that the Defendant was "brought here on a warrant based out of [Henry County, Tennessee]," which meant that "Florida effectuated" the restraint of arrest for Henry County to bring the

---

[2] A written order outlining these determinations was filed by the Henry County General Sessions Court on November 8, 2023.

Defendant back. The State countered that if Henry County had not had its arrest warrants filed, Florida would not have let the Defendant go because he was on the TBI's Most Wanted List at the time of his arrest in Florida. Defense counsel then introduced the Waiver of Extradition from Florida, the probable cause determination, booking report, complaint affidavit from Florida, the Henry County records system printout, and the obituary of Charles Carter, who was the victim from one of the Defendant's aggravated kidnapping charges.

The trial court noted that the unique factors in this case were that the Defendant was an escaped felon and was on the TBI's Most Wanted List and that although Henry County had a warrant for the Defendant's arrest, the Defendant also had warrants for his escape and the hold from Kentucky. The trial court questioned whether the Defendant had to send a letter to the district attorney's office asking to be transported promptly to Henry County in order to trigger his speedy trial right on those charges. Defense counsel replied that the Defendant wrote "multiple letters" to the Henry County circuit court clerk and the district attorney's office. When the trial court asked the State if it had received any letters from the Defendant asking to be prosecuted promptly, the State asserted that "the only thing" the Henry County General Sessions clerk "ever received in writing from [the Defendant] was a Motion to Dismiss based on his belief that he invoked his right to a speedy trial to a magistrate in Florida, when he was picked up." Defense counsel acknowledged that the Defendant never sent a letter demanding transport to Henry County; however, he asserted that the Defendant did make an oral argument concerning his right to a speedy trial to a Florida magistrate when he was "picked up on escape status, and on these warrants. The State countered that the Defendant "did not have the right to a speedy trial at that time" because there had been no formal indictment or arraignment on those charges. The trial court noted that the Defendant had escaped from the penitentiary in Lake County, Tennessee, and was not arraigned on his Henry County General Sessions charges until after serving the remainder of his sentence at the prison in Lake County.

Defense counsel argued that the Defendant's Motion to Dismiss, along with his letters, "would have put [the State] on notice that he was asking for a speedy trial . . . at the Sessions Court level . . . ." The trial court asserted its belief that the Defendant had to first make a demand to be transported and prosecuted on the Henry County charges before asking for a speedy trial. Defense counsel replied that the Defendant believed that he was coming back to Henry County to get arraigned and to be tried on these charges but instead, was taken back to the TDOC in Lake County. He asserted that the Florida charges were dismissed and that Florida was only holding the Defendant based on the Henry County charges, which meant that "[t]he restraints were effectuated in Florida" for the Henry County charges. When the trial court asserted that the Defendant's freedom was in jeopardy from both the pending warrant based on his escape from prison in the Lake County, Tennessee, as well as the warrant based on the Henry County charges, defense

counsel acknowledged that was "probably true" but that he did not have any proof that this was the case "from the Florida documentation." Defense counsel also introduced the Defendant's handwritten appeal after the general sessions court denied the motion to dismiss. Defense counsel acknowledged that at the time the Defendant was arrested in Florida, he had outstanding warrants from Henry County, Tennessee, and the State of Kentucky. He noted that although Florida filed a fugitive from justice warrant against the Defendant, this charge was dismissed when the Defendant signed the extradition waiver. Defense counsel stated, "In [the Defendant's] mind . . . he was coming back to Henry County to be brought up on these charges [at the time when] he allegedly made a statement in open court in Florida that he wanted to execute his right to a speedy trial." However, the Defendant was "brought back to Tennessee and sent back to TDOC" because he was an escaped prisoner. Defense counsel admitted that the Defendant did not "step foot back" into Henry County Circuit Court until approximately one year prior to this hearing. The State countered that "[n]o one from the State of Tennessee ever got a demand for a Motion for a Speedy Trial" and that the State only received a "Motion to Dismiss based on . . . a speedy trial that there [was] no record of." The State also argued that the Defendant "did not have a right to a speedy trial until he was brought [to Henry County] and arraigned, and fully arrested, held in jail only on this [Henry County] case that's pending[.]" Defense counsel acknowledged that the Defendant did not complete his sentence in TDOC until April 2023, and at that point, the Defendant was then transported to Henry County and arraigned in Henry County General Sessions Court. Defense counsel also acknowledged that the Defendant filed a Motion to Dismiss in Henry County General Sessions Court, which was denied, and then the Defendant's case was bound over for action by the Henry County Grand Jury, who indicted the Defendant in November 2023.

The trial court found that the Defendant "had failed to demonstrate that he made a written demand to the [Henry County] District Attorney's Office to be transported for prosecution . . . at any time until he was brought [to Henry County] and arraigned on the . . . Kidnapping charge[s] . . . in Henry County General Sessions." The court then held that the Defendant had "not made a sufficient basis to invoke a violation of his speedy trial rights or . . . due process rights for a speedy resolution to the charges pending against him."

On March 27, 2024, the Henry County Circuit Court entered an order denying the Defendant's motion to dismiss. In it, the court found that after the Defendant was arrested in Florida, he was "brought back to Tennessee to serve the remainder of his TDOC sentence from which he escaped." The court noted that "the [D]efendant's liberty was not restrained for the Henry County charges until he was brought here in April of 2023 when he was served with the arrest warrant." The court then held that the Defendant had "failed to demonstrate to the Court that he made a written demand to the District Attorney's office to be transported for prosecution on the charges at any time before he was brought here and arraigned on the arrest warrant in April of 2023." Lastly, the court held that the Defendant

had "not made a sufficient basis to invoke violation of speedy trial rights, violation of sixth amendment rights, or due process rights.

Following the trial court's denial of the motion to dismiss, the Defendant entered a guilty plea to two counts of aggravated kidnapping (Counts 1 and 4), and the State agreed to enter a nolle prosequi on the remaining counts. As a part of his plea agreement, the Defendant received an effective ten-year sentence in confinement and expressly reserved three certified questions for appellate review through an agreed order. This agreed order stated the following, in part:

> The Defendant appeals the decision of this Court pertaining to Defendant's Motion to Dismiss, which was argued before the Court on February 16, 2024.
>
> The factual findings and legal determination of the Court, as stated on the record at the February 16, 2024[] hearing, and noted in the Court's Order entered on March 27, 2024[,] are adopted in regard to the certified questions of law listed below.

The agreed order then presented the following certified questions for this court's review:

> i.     Did the Trial Court err in finding that the Defendant's right to speedy trial did not attach when he was arrested in Florida due to his escape status as well as being served with a warrant from Kentucky?
>
> ii.    Did the Trial Court err in finding that the Defendant[']s verbal request to the Florida Court to invoke his constitutional rights was insufficient to properly invoke his rights to speedy trial and due process?
>
> iii.   Did the Trial Court err in finding that the Defendant's written letters and Motion to Dismiss sent to both the General Sessions Clerk and the District Attorney's office failed to properly invoke his constitutional rights to a speedy trial and due process as it pertained to his Henry County, Tennessee general session case arrest warrants?

Notably, the agreed order stated, "All parties in this matter are of the opinion that these questions would be dispositive of this matter."

Thereafter, the Defendant filed a timely notice of appeal.

## ANALYSIS

The Defendant argues in his certified questions of law that the trial court erred in its finding that his right to a speedy trial did not attach when he was arrested in Florida due to his escape status as well as being served with a warrant from Kentucky; that the trial court erred in finding that his verbal request to the Florida Court to invoke his constitutional rights was insufficient to properly invoke his rights to speedy trial and due process; and that the trial court erred in finding that his written letters and motion to dismiss sent to both the general sessions clerk and the district attorney's office failed to properly invoke his constitutional rights to a speedy trial and due process as it pertained to his Henry County, Tennessee general session case arrest warrants. The Defendant also maintains that his certified questions properly identify the scope and limits of the legal issues and are dispositive of this case.

The State counters that this appeal should be dismissed because the Defendant did not properly reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b). It asserts that the Defendant's certified questions do not adequately identify "the scope and limits of the legal issue" as required by Rule 37(b)(2)(A)(ii) and that the certified questions are not dispositive of the case. Alternatively, the State contends that if the certified questions somehow satisfy the requirements of Rule 37(b), then the trial court properly denied the motion to dismiss because the Defendant's rights to a speedy trial and due process were not violated. We are constrained to conclude that the Defendant failed to properly reserve his certified questions of law.

A defendant must properly reserve a certified question before this court has jurisdiction to consider the merits of the question. Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a conditional plea of guilty or nolo contendere if the defendant reserves, with the consent of the State and the trial court, the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). As relevant here, if the judgment does not set out the certified question, the judgment may refer to, or incorporate by reference, another document that satisfies these requirements. See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998).

In 1988, the Tennessee Supreme Court in State v. Preston outlined the requirements for reserving a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988) (emphases added). Rule 37(b) was amended in 2002 to include the Preston requirements. State v. Day, 263 S.W.3d 891, 899 (Tenn. 2008).

Strict compliance, rather than substantial compliance, with the requirements of Rule 37(b) is necessary to perfect the reservation of a certified question of law and to confer jurisdiction on an appellate court following entry of a guilty plea. Id. (stating that the Preston requirements, which were incorporated into Rule 37, have been "strictly construed"); State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (rejecting "substantial compliance" with the Preston requirements). The Tennessee Supreme Court recognized that "a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of Preston." Armstrong, 126 S.W.3d at 912.

"The defendant bears the burden of ensuring that the final order complies with the requirements of Rule 37 and that the appellate record is sufficient for review." State v. Springer, 406 S.W.3d 526, 531 (Tenn. 2013); see State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). The failure to properly reserve a certified question of law pursuant will result in dismissal of the appeal for lack of jurisdiction. Pendergrass, 937 S.W.2d at 838.

This court has frequently warned attorneys and trial courts of the inherent dangers of a Rule 37 appeal. In the past, we have described the inappropriate utilization of Rule 37 as "the quagmire of criminal jurisprudence in Tennessee." State v. Thompson, 131 S.W.3d 923, 923-24 (Tenn. Crim. App. 2003). We have also referred to the conditions for certified questions as "'a trap' for the unwary." State v. Bolka, No. W2018-00798-CCA-R3-CD, 2019 WL 1958110, at *3 (Tenn. Crim. App. Apr. 30, 2019) (citation omitted). Regrettably, the Defendant in this case joins the long list of defendants who have failed to follow the exacting requirements for an appeal of a certified question.

First, the Defendant's agreed order does not show that the trial court was of the opinion that the certified questions were dispositive of the case. The order identifies the certified question and then provides, in pertinent part, that "[t]hese certified questions are expressly consented to by the State and the Court," and that "[a]ll parties in this matter are of the opinion that these questions would be dispositive of this matter." The order was then signed by the trial court, the attorney for the Defendant, and the prosecutor. Although this order states that the trial court consented to the reservation of these certified questions, it does not show that the trial court was of the opinion that this question was dispositive. See Tenn. R. Crim. P. 37(b)(2)(A)(iv) (requiring that "the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case" (emphasis added)); see also Preston, 759 S.W.2d at 650.

In Graves, this court held language stating that "[t]he parties agree that a finding related to the above outlined issues would be dispositive of the case" failed to strictly comply with Rule 37(b). State v. Graves, No. E2021-00647-CCA-R3-CD, 2022 WL 4835190, at *8-9 (Tenn. Crim. App. Oct. 4, 2022). The court observed that "the trial court is not a 'party' with an interest in the outcome of the case and is therefore not included in the language on the judgment form about the dispositive nature of the certified question." Id. at *9 (citing Black's Law Dictionary (11th ed. 2019) (defining "Party" as "One by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment")). The Graves court further concluded that the trial court's oral finding at the plea submission hearing on the dispositive nature of the certified question did "not save this appeal from dismissal because Rule 37(b) requires the trial court's opinion be in 'the judgment or order reserving the certified question' and not in some other part of the record." Id. (citing Preston, 759 S.W.2d at 650). Moreover, the court asserted that the trial judge's signature on the judgments including the certified question was insufficient to show "the judge's consent to reserving the certified question and the judge's opinion that the question is dispositive of the case." Id. (citing State v. McDonald, No. E2006-02568-CCA-R3-CD, 2007 WL 4460141, at *3 (Tenn. Crim. App. Dec. 20, 2007) (stating that "[w]hile it may be inferred from the placement on the judgment that the State and the court agreed, it is not explicitly stated as required by the rule")). The Graves court ultimately concluded that it was "without jurisdiction to consider this appeal due to the lack of compliance with Rule 37(b)." Id.

In the Defendant's case, the statement in the judgments that "all parties involved agreed [the certified questions of law] would be dispositive" and the statement in the agreed order that "[a]ll parties in this matter are of the opinion that these questions would be dispositive of this matter" fail to strictly comply with Preston and Rule 37(b). See State v. Wheatley, No. M2019-00071-CCA-R3-CD, 2020 WL 774161, at *3 (Tenn. Crim. App. Feb. 18, 2020) (dismissing appeal where neither the judgment nor the order contained the required statements that "the State and the trial court agreed to the reservation of a certified question or that the Defendant, the State, and the trial court were of the opinion that the certified questions were dispositive of the case"); State v. Davis, No. W2017-02145-CCA-R3-CD, 2018 WL 3409678, at *6 (Tenn. Crim. App. July 12, 2018) (concluding that the defendant "failed to follow the mandatory requirements of Tennessee Rule of Criminal Procedure 37(b)(2) and Preston" because the record did not include an order containing a statement that "the State and the trial court believed the [certified] questions to be dispositive"); State v. Simmons, No. M2003-03064-CCA-R3-CD, 2005 WL 468295, at *3 (Tenn. Crim. App. Feb. 23, 2005) (dismissing appeal where neither the judgment nor the order showed that the certified question was "expressly reserved with the consent of . . . the trial judge" or that "the trial judge [is] of the opinion that the certified question is dispositive of the case"). Because the trial court is not a "party" to the Defendant's case,

the judgments and agreed order fail to show that the trial court was of the opinion that the certified questions of law were dispositive. Accordingly, we conclude that the Defendant failed to strictly comply with the requirements of Preston and Rule 37(b) by omitting a specific statement that the trial court, the State, and the Defendant are of the opinion that the certified question is dispositive of this case. See Preston, 759 S.W.2d at 650; Tenn. R. Crim. P. 37(b)(2)(A)(iv).

Second, we conclude that the Defendant's certified questions are not, in fact, dispositive of the case. Generally, a "question is dispositive when the appellate court must either affirm the judgment [of conviction] or reverse and dismiss [the charges]." State v. Dailey, 235 S.W.3d 131, 134 (Tenn. 2007) (internal quotations marks and citations omitted). A certified question is never dispositive "when we might reverse and remand." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). We emphasize that "[i]f the appellate court does not agree that the certified question is dispositive, appellate review should be denied." Preston, 759 S.W.2d at 651, pet. to rehear denied (Tenn. Oct. 24, 1988).

In the instant case, the certified questions are not dispositive because a reversal on any one of the three certified questions would not require dismissal of the Defendant's charges. The first certified question addresses when the Defendant's speedy trial right attached, and the second and third certified questions address when the Defendant invoked his right to a speedy trial and to due process. These certified questions would require additional analysis under the factors in Barker v. Wingo, 407 U.S. 514, 530-33 (1972), to determine if the Defendant's right to a speedy trial was violated or would require additional analysis under the factors in the "Marion-Dykes test" in United States v. Marion, 404 U.S. 307, 324-25 (1971), and State v. Dykes, 803 S.W.2d 250, 256 (Tenn. Crim. App. 1990), to determine if the Defendant's right to due process was violated. Accordingly, we conclude that the Defendant's certified questions are not dispositive of the case.

Lastly, we conclude that the Defendant's certified questions do not clearly identify "the scope and limits" of the issues reserved. See Tenn. R. Crim. P. 37(b)(2)(A)(ii); Preston, 759 S.W.2d at 650 (requiring that the issue be stated in such a way as "to clearly identify the scope and limits of the legal issue reserved."). A defendant's certified issue must identify, among other things: (1) "the reasons relied upon by defendant in the trial court" to advance the motion to dismiss, and (2) the reasons "passed upon by the trial judge" in denying the motion. Preston, 759 S.W.2d at 650. "The scope and limits of the legal issue reserved, the reasons relied upon by Defendant in the trial court . . . , and the trial court's reasoning . . . should be discernable from the certified question of law without the need to analyze any other portions of the appellate record, including hearing transcripts, exhibits, briefs, and pleadings." State v. Potts, No. M2020-01489-CCA-R3-CD, 2021 WL 4714716, at *5 (Tenn. Crim. App. Oct. 11, 2021).

Here, the Defendant's certified questions not only fail to state the reasoning the Defendant employed during the motion to dismiss but also fail to state the reasoning the trial court employed in denying his motion to dismiss. See, e.g., State v. Elliott, No. M2022-00789-CCA-R3-CD, 2023 WL 2727587, at *7 (Tenn. Crim. App. Mar. 31, 2023) (dismissing the Rule 37(b)(2) appeal when the certified question "did not identify the reasons he relied upon in advancing his motion to dismiss" and "failed to identify the reasons passed upon by the trial court in denying his motion"), perm. app. denied (Tenn. June 28, 2023); Potts, 2021 WL 4714716, at *5 (observing that a certified question is overly broad pursuant to Rule 37 and Preston if it requires the appellate court to "'comb the record' to discern" the reasons relied upon by the defendant and the trial court at the suppression hearing); State v. Rickman, No. W2019-00778-CCA-R3-CD, 2020 WL 1894693, at *2 (Tenn. Crim. App. Apr. 16, 2020) (holding that "the reasons relied upon by Defendant in the trial court at the suppression hearing, and the trial court's reasoning for denying the motion to suppress should be discernable from the certified questions of law without looking at any other portions of the appellate record"); State v. Treat, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App., Nov. 18, 2011) (dismissing appeal where the certified question of law did not "articulate the reasons previously relied upon by the Defendant in support of his argument [and did] not describe the trial court's holdings on the constitutional issues presented"). Because the Defendant's certified questions also require us to "comb the record," including hearing transcripts, exhibits, briefs, and pleadings, to find a reason to give him relief, the Defendant has failed to clearly identify the scope and limits of the legal issue reserved. See Tenn. R. Crim. P. 37(b)(2)(A)(ii); Preston, 759 S.W.2d at 650.

Because the Defendant failed to comply with the requirements for an appeal of a certified question, we may not accept jurisdiction where it would not otherwise exist. We agree with this court's previous sentiment that "[w]e take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals" but we "cannot assume jurisdiction where it is denied due to failures in meeting the strict prerequisites" of Rule 37(b). State v. Pride, No. E2010-02214-CCA-R3-CD, 2011 WL 4424354, at *3 (Tenn. Crim. App. Sept. 23, 2011). Therefore, we must dismiss the Defendant's appeal.

## CONCLUSION

We are without jurisdiction to consider the merits of the Defendant's claims because he has failed to properly reserve his certified questions of law. Accordingly, the appeal is dismissed.

s/ **Camille R. McMullen**

CAMILLE R. MCMULLEN, JUDGE

- 13 -